## Griffin v. Booth, Receiver, etc.

1. MECHANICS' LIENS—*Lost by Afflux of Time.*—A mechanics' lien, if not followed up by proper proceedings in court, is lost by the afflux of time; if properly followed up by a suit, etc., it results in a decree that the party owing the lienor, pay to him the amount of the lien, and that in default thereof the improved premises be sold for the amount of the lien thereon.

2. MECHANICS' LIEN—*Release by Sub-contractor.*—There is no statute declaring that if a sub-contractor release his lien, the money paid by the owner to the original contractor shall be treated as a trust fund, received and held by such original contractor for the benefit of the sub-contractor.

3. MECHANICS' LIEN—*Payment by Owner to General Contractor—Sub-contractor's Remedy.*—If the owner, without regard to the claim of a sub-contractor, pay the original contractor in full, the remedy of the sub-contractor is to go on and enforce his lien against the improved property, and not to have the original contractor declared a trustee.

**Memorandum.**—Chancery proceedings. In the Circuit Court of Cook County. Intervening petition; answer; trial by the court; petition dismissed; appeal by petitioner. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 12, 1893.

DUNCAN & GILBERT, attorneys for appellant.

APPELLEE'S BRIEF, WILLIAM R. PAGE, ATTORNEY.

The general rule of law on this subject is that if a party who would otherwise be entitled to a lien, whether such right accrues by statute, custom or contract, has made any agreement inconsistent with such lien, or has assumed a relation to the property that is inconsistent with the claim of a lien, he will be regarded as having waived it. 13 Am. & Eng. Ency. of Law, 623; Jones on Liens, Sec. 1019; Green v. Fox, 7 Allen 85.

OPINION OF THE COURT, WATERMAN, J.

Some time in 1890, the Wight Fire Proofing Co. entered into a contract with one Charles C. Heisen to furnish and put in the fire proofing for a building he was erecting in

218  Appellate Courts of Illinois.

Vol. 50.]      Griffin v. Booth.

Chicago, known as the Manhattan building, and the Wight Company contracted with appellant to furnish it the fire proofing material for that purpose.

On March 14, 1891, Griffin, being satisfied he was being unfairly dealt with, commenced an action of replevin against the company in the Circuit Court of Cook County, to recover possession of the material that had been shipped by him, and that had not yet been used in the building. The writ was served on the defendant and the sheriff delivered possession of the material to Griffin, but the latter failed to retain the actual physical possession or to keep a custodian in charge.

On March 17th, on a bill filed in the court below, the appellee was appointed receiver for the company. He found the employes of the company using the replevied material, and he thereupon took it into his possession, and used it in the construction of the building. After he had thus taken possession of it, and while he was using it, on March 25th, he and Griffin agreed that Griffin's right of possession and ownership should be adjudicated in the replevin suit, and that the receiver would hold a sufficient amount from the payments to be made by Heisen for work to be done by the receiver on the building, subject to the final determination of the court in the replevin suit, should it find he was entitled to the possession and ownership of said material.

At the time the receiver was appointed, there was unpaid and owing to Griffin, from the company, for material furnished for the Manhattan building, in all $6,356.69. There was a balance due the company from Heisen of $5,203.85; and the unused material furnished by Griffin, and which he replevied, amounted to $1,152.84.

On March 23d, Griffin served upon Heisen a mechanics' lien notice.

Subsequently, and about the 20th of April, the receiver and Griffin's attorney agreed that Griffin's rights under the replevin suit might be submitted to and tried by the court in the receivership suit.

On the 23d of June, 1891, Heisen, Griffin and the receiver

entered into an agreement in writing, containing the following:

" This agreement witnesseth, that in consideration of the release by said Amos T. Griffin of said claim of lien upon the said Manhattan building, which is hereby done, the said C. C. Heisen agrees to pay to the said Amos A. Griffin the sum of $5,203.85, which payment shall be in full of all demands due by said C. C. Heisen to the said Wight Fire Proofing Company, to March 17, 1891. This agreement, however, is to be without prejudice to the right claimed by said Amos T. Griffin, which is disputed by the receiver, to be paid in full out of the amounts in the hands of Harvey W. Booth, receiver, any balance of indebtedness owing to him by the Wight Fire Proofing Company for material furnished by him to said company to the same extent as if said lien had remained undischarged; the decision of which is left to the further order of the Circuit Court, under whose order said Harvey W. Booth is the duly appointed receiver of said Wight Fire Proofing Company, having been appointed March 17, 1891.

Dated Chicago, Illinois, June 23, 1891.

> Harvey W. Booth, Receiver,
> By Wm. R. Page, his attorney.
> A. T. Griffin,
> By Duncan & Gilbert, his attorneys.
> C. C. Heisen."

In pursuance of this agreement, Heisen paid Griffin the sum of $5,203.85, leaving due him as the value of the materials, for the recovery of which the replevin suit had been instituted, the sum of $1,152.84.

For the purpose of securing the payment of this last mentioned sum, Griffin filed in the court below, his intervening petition, in which he set up his various dealings and agreements with the company and its receiver, and claimed the right to payment in full for the replevied material out of the moneys collected by the receiver from Heisen. The receiver answered the petition denying Griffin's right to any preference over the general creditors of the company.

The master, to whom the petition was referred, made his report, finding that Griffin was entitled to be paid the sum of $1,152.84, from the funds in the hands of the receiver which came from Heisen on account of the Manhattan building. Exceptions being filed to this report by the receiver, the court, upon hearing, sustained them and entered an order dismissing the petition without prejudice to Griffin's right to come in and receive a dividend upon his claim out of the estate in common with the other creditors of the company.

From this order Griffin prayed for and obtained the present appeal to this court.

By the agreement of June 23, 1891, appellant released his lien upon the Manhattan building. The reservation he therein made, was, not that the receiver should pay him in full out of the funds in his hands, if the court should be of the opinion that but for such release he could have established a lien upon the Manhattan building, but that he reserved his right to be paid in full by the receiver to the same extent as if his lien had remained undischarged; in other words, voluntarily releasing his lien, he declares that he does not thereby release his claim; that the receiver shall pay him in full, the same as if he had not released his lien.

A mechanics' lien, if not followed up by proper proceedings in court, is lost by the afflux of time; if properly followed up by a suit thereon, it results in a decree that the party owing the lienor pay to him the amount of the lien, and that in default thereof the improved premises be sold for the amount of the liens thereon.

The judgment against the receiver, that appellant would, in a mechanics' lien proceeding, have obtained against the receiver, would have been a simple allowance of his claim, to be paid *pro rata* with other claims, and an order for a sale of the improved property if such claim was not paid in full.

What appellant really seeks in this proceeding, is to transfer the lien he had and could have enforced against the Manhattan building, to the money the owner of such building has paid to his, appellant's, debtor. The law makes no provision for such a lien. Appellant had and could have

enforced a lien against the building, but there is no statute declaring that if a sub-contractor release his lien, the money paid by the owner to the original contractor shall be treated as a trust fund, received and held by such original contractor for the benefit of the sub-contractor.

If the owner, without regard to the claim of a sub-contractor, pay the original contractor in full, the remedy of the sub-contractor is to go and enforce his lien against the improved property, not to have the original contractor declared a trustee.

The receiver did not agree to hold in trust for appellant the money he received from the owner; nor did he receive it in trust, otherwise than equally for all the creditors of the Wight Fire Proofing Company.

After the stipulation between the receiver and appellant, that the question of appellant's right of possession and ownership of the said unused material should be adjudicated in the replevin suit, it was agreed that appellant's rights under his replevin suit should be submitted to and tried by the court in the receivership suit.

It is not seriously contended that appellant, Griffin, could have maintained his replevin suit. What is insisted is that the bringing of the replevin suit was not a waiver of his right to enforce his lien.

That the failure of the Wight Fire Proofing Company to pay, as it agreed, for the materials furnished to it, did not divest it of title to the materials it had received and give to appellant a right to re-take the same, is manifest.

Such being the case, we see no reason for interfering with the decree of the court below. The equitable considerations pressed upon the court are met by a consideration of the fact that appellant is allowed to prove his claim as a creditor, the same as any other creditor.

Equitably, one debt is of equal standing with another, unless there are special circumstances that elevate it above others and allow it a preference over them. We fail to find any obligation resting upon either the Wight Fire Proofing Company or its receiver to discharge the claim of appellant,

that is not equally applicable to all other claims, nor do we see wherein the equity of appellant is superior to that of other creditors.

The decree of the Circuit Court is affirmed.